# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>ANTHONY EUGENE RALLS,<br><br>                       Petitioner. | No. 53573-4-II<br><br><br><br>UNPUBLISHED OPINION |

SUTTON, A.C.J. -- Anthony Ralls seeks relief from personal restraint imposed as a result of his 2014 conviction for first degree murder.[1] He argues that (1) he received ineffective assistance of trial counsel during jury selection, (2) he received ineffective assistance of trial counsel in not objecting to the prosecutor's arguments about the burden of proof and the to-convict instruction, (3) he received ineffective assistance from his appellate counsel, (4) he received ineffective assistance of counsel in not objecting to the jury instructions on the burden of proof and the

---

[1] We issued the mandate of Ralls's direct appeal on October 8, 2018, making his July 12, 2019 petition timely filed. RCW 10.73.090(1), (3)(b).

affirmative defense, (5) the jury instructions on the aggravating factor were incorrect, and (6) the trial court erred in ordering him to pay discretionary legal financial obligations (LFOs).

But issues (1), (4), and (5) were addressed in Ralls's direct appeal, *State v. Miles*, No. 46633-3-II consol. with No. 46636-8-II (Wash. Ct. App. Aug. 16, 2016) (unpublished) http://www.courts.wa.gov/opinions/pdf/D2%2046633-3-II%20Unpublished%20Opinion.pdf, *review denied*, 191 Wn.2d 1012 (2018). Unless he shows that the interests of justice require it, he cannot raise these issues again in this petition. *In re Pers. Restraint of Lord*, 123 Wn.2d 296, 303, 868 P.2d 835 (1994). He makes no such showing. Recasting the arguments as claims of ineffective assistance of trial counsel are insufficient. As to issue (2), he does not show that the prosecutor's arguments were improper and so does not show that his trial counsel was ineffective in not objecting to them.[2] *State v. McFarland*, 127 Wn.2d 322, 335-36, 899 P.2d 1251 (1995); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). This court presumes strongly that trial counsel's performance was reasonable. As to issue (3), he does not show that his appellate counsel was ineffective. There were no findings of fact to be challenged. Appellate counsel did challenge the sufficiency of the evidence and the accomplice liability instructions, albeit unsuccessfully. And as to issue (6), his discretionary LFOs were remanded to the trial court in his direct appeal, granting him the relief he seeks in this petition.

---

[2] To the extent the prosecutor improperly used the term "we" during argument, the prosecutor corrected himself, so trial counsel was not ineffective in not objecting to the use of the term. *State v. Grier*, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011).

No. 53573-4-II

Ralls does not show any grounds for relief from personal restraint. We therefore deny his petition and his request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Sutton, A.C.J.

SUTTON, A.C.J.

We concur:

MAXA, J.

CRUSER, J.

3